Good morning, Your Honors. May it please the Court, my name is Amos Lawrence and I represent the Petitioners in this case, and in particular the lead Petitioner, Niyama Ramadan, who has appealed the BIA's summary affirmance of the immigration judge's denial of her applications for political asylum and withholding a removal. The immigration judge in this case denied my client's claim for political asylum on the grounds that she failed to establish changed circumstances justifying her untimely application for relief. And as Respondent has accurately pointed out, this Court has previously held that Section 208a3 of the Act expressly precludes review of this issue, changed circumstances, as well as whether the applicant has, in fact, submitted a timely application. Petitioner believes, however, that this question warrants reexamination in light of the REAL ID Act, which amended the Act to allow review of questions of law, notwithstanding other judicial preclusions. In certain, if not most cases, review of this question will remain beyond the scope of this Court's jurisdiction where the Attorney General's determination that the alien has failed to establish changed circumstances is a purely factual issue. An example would be where the late application is justified on the basis of changed country conditions. Other findings concerning changed country conditions, however, inherently involve mixed questions of fact and law, whereas in Petitioner's case, for example, the applicant maintains that her late application is justified on the basis of a risk posed to her as a result of her activities in the United States. It is a factual question as to whether these activities actually occurred and is it often a legal question as to whether those undisputed facts materially affect the applicant's eligibility for relief on the basis of a statutorily protected ground. In this case, Petitioner's claim of error involves such a legal question, namely, whether risk posed to her by Islamic extremists as a result of her public speech in the United States is on account of her membership in a social group of non-Islamic extremists. And so, in this case, Petitioner's claim of error involves such a legal question as to whether risk posed to her by Islamic extremists as a result of her public speech in the United States is on account of her membership in a social group of non-Islamic extremists as a result of her public speech in the United States. Roberts. But Congress said questions of constitutional and legal questions. Yes, Your Honor. They didn't say constitutional questions, legal questions, and questions that are mixed of law and fact. And isn't that what at the best, isn't that what this is? I'm agreeing with you, Your Honor. What I'm saying is where you have a mixed question of legal fact, if the basis of claim of error is not the factual component of that mixed question, then it becomes a purely legal question. I guess what you're saying is that the question of the applications of the undisputed facts, or not the undisputed facts, but the facts as found by the agency to the law, is a question of law that ought to be reviewed under the real idea. That's our position. We're not disputing the immigration judge's findings of fact. We're disputing the immigration judge's interpretation of the statutory basis of relief based on those unchallenged facts. Therefore, we're not challenging the factual component of that finding, only the legal component. No, could you? I mean, if you said the I.J. clearly erred, that would be beyond our jurisdiction, right? If I claimed a bigger... We concede that that would appear to be beyond the scope of this Court's review. For instance, if they found it unconvincing that the Islamic extremist heard about her speech, or that the speech was even made, or that what she said would have invited any sort of attention, these would be factual determinations, however erroneous, which we would concede we could not challenge. But in terms of the undisputed facts under the Act, it's whether it materially affects your eligibility for relief. And eligibility for relief under I.N.S. Elias Zacharias has to do with proving statutory motives, which is in most cases, in this case, we believe a legal question which permits this Court to review. In accordance with the amendments made by the ReID Act, Petition maintains this Court has jurisdiction to consider this question of law and to reverse the BIA's one-year issue finding on the grounds that the present threat posed to Mrs. Ramadan by Islamic extremists on the basis of her public speech in the United States is indeed on account of an entirely different statutory grounds than the threats made to her by Islamic extremists in the past, namely, the political and religious opinions she expressed in the speech where she denounced the limits on women's rights in Egypt. Concerning the actual merits of this claim to relief, Mrs. Ramadan maintains that the recent threats to teach her a lesson for what she said in this country establishes at the very least a possibility of persecution on account of the religious and political opinions she expressed in the speech. And even if this Court determines that it lacks jurisdiction to review the denial of Mrs. Ramadan's asylum claim, evidence that unidentified individuals have continued to contact both her friends and her parents since this threat was made in an effort to determine when she might return to Egypt establishes a likelihood of future harm if she is returned to a native country on account of this statutory basis. On these grounds, we maintain that the BIA's denial of my client's applications of relief should be reversed. Thank you. Well, does she have any other basis for obtaining legal status? She does not. She's got her kids here, her husband's here. I'm not aware that she has any other basis or she would have pursued it. Obviously, this is problematic if you find she's only eligible for withholding because her child, the second Petitioner, would not be eligible for that relief. Only if you find that she's eligible for asylum would that child have derivative status.  Your Honor, I'm not aware of his situation. I'm co-counsel in this case, and another attorney has handled those aspects of the cases in the past, but as far as I know, they're not in a position to enable her to immigrate to the United States. But you don't know? I honestly don't know, Your Honor. Okay. Thank you. Good morning. May it please the Court, my name is Carl McIntyre, and I represent the Attorney General in this case. Good to see you again. Yes. Mr. McIntyre, if you were the appellant's lawyer, how would you advise her in order to legalize her status in the United States? With regard to his last comment, with regard to his relatives. No, her husband's here, her kids are here, right? Yes, Your Honor. Isn't there something she can do? I'm not sure that I understand. He didn't, I didn't hear him say anything about what her status was here or whether, you know, he would be able to do anything in the immigration way. As far as I know, the children were born here. Well. So she has American citizen kids, this is what I remember, and her husband is, I think, an American citizen or is here legally. I thought there was, the only thing in the record that I thought I remembered, Your Honor, was some relative that might give them some type of preference visa, but no immediate relative. If I'm not mistaken about that. So, I mean, and, you know, we would review that as outside of the record of this case, and since it's a preference and not an immediate relative, it wouldn't be something that we would think that would be something that should hold up this proceeding, Your Honor. No, I'm just asking a question. Yes. I would like to start by citing to 208-2D of the INA, which states that an application for asylum of an alien otherwise barred by operation of the 1-year rule may be considered if the alien demonstrates to the satisfaction of the Attorney General either the existence of chain circumstances or extraordinary circumstances. And, Your Honors, I had submitted a 28-J letter where I cited the Real ID Act and the Seventh Circuit case, and they have clearly suggested that that is a permissible that's permissive language that shows that this is a discretionary determination, Your Honor, and not an issue of law. And we would respectfully suggest that since that's a discretionary determination, doesn't change the landscape with regard to review over chain circumstances, and, therefore, this Court should still have no review over the asylum aspect of this claim. Generally speaking, we've had in the past cases in which we've said there are certain matters that are committed to the discretion of the Attorney General, but there are other matters, for example, statutory eligibility, that are committed to questions of law that we can fairly review. Why is this any different? I mean, we understand that the ultimate determination might be made by the Attorney General in this case to his or her satisfaction. But in terms of saying, well, these are the kinds of circumstances that would provide eligibility, why isn't that something we can do? Well, to start off, Your Honor, it's not somebody coming in the door with an application just trying to get eligibility. It's somebody who didn't file within the one year. Right. And the Attorney General is saying, I mean, the law is stating that the Attorney General should be able to decide whether this one-year deadline should be lifted, and we should give him discretion to do that. Other different, which is different from a situation where somebody comes in with an application and just who is to timely file the application, or who is coming in the first instance with an eligibility determination. And this is something that the Attorney General should have the discretion to decide whether, if at all, he wants to lift that one-year ban. And the Congress has clearly given that to him in the statute. Well, the interesting thing about the wording in the statute is it doesn't use the word discretion, as the statute does in other areas. What are we to make of that? It says to the satisfaction of the Attorney General, and I believe that to the satisfaction of clearly shows that it is he who should be given discretion to determine whether he is satisfied with the types of evidence, the quantum of evidence, and such that is presented. Well, give me an example of something you think that we do have jurisdiction over now under the REAL ID Act that we didn't before. I mean, what questions of law are there except for these kinds of matters? Well, I would suggest that there was a statutory term and an eligibility requirement that was, that had clearly defined standards set out in the statute, maybe something like that. But I don't know of anything right off, Your Honor, off the top of my head that would. But in this case, with the language that is in 208A2D, it seems to be clear that it's a discretionary determination. And in this case, Your Honor, I would like to also state that the changed circumstances were clearly not shown in this case. And just as a fallback argument, if you decide to reach that, but we do believe that if. Could I ask you to stand? Yes. Someone in the audience with a camera. Do you have do you have permission from the court to use that camera in the courtroom? OK, would you turn it off? Cameras are not permitted in the courtroom without prior permission of the court. And when you leave the building, I want you to check with court security, and I want you to show them the images that you took in the courtroom. OK? Sorry for the interruption. It's all right, Your Honor. Well, let's take another example of this, though. If it's a true question of mixed fact and law, that would political activity in the United States constitute a changed circumstance? That might be a question of law, and the question, the factual determination of whether it was sufficient might be well committed to the attorney general's discretion. Do you disagree with that? Whether a political circumstance? Well, I think that the discretion comes in the amount of evidence, quantum of evidence, type of evidence. Exactly. And so all of those things build to a discretionary determination. Now, if we were just dealing with a particular term and somebody was quibbling over whether a particular term had a specific meaning, we don't have that in this case. Give an example, hypothetical, and see what you think. Let's say that the I.J. had said political activity in the United States can never constitute a changed circumstance. Now, that would be perhaps a question of law rather than a question of fact, right? Yeah, go ahead. If they had, yeah, if the question, if the core question in the whole entire case was whether that, I guess, was true. But what we have here is. I'm just trying to get to the jurisdictional issue now we have in this case. In other words, if the I.J. had said, I don't care what evidence you put on, if you're saying that your activities, political activities, can never constitute a changed circumstance under the statute, that would be a legal question over which we would have jurisdiction. On the other hand, I gather you would argue if it's simply saying you don't have enough evidence to show changed circumstances. And what, and the word changed. Go ahead. And also the word changed circumstances is up to the attorney general to decide what types of circumstances that would allow for the finding that somebody should be able to overcome the one year bar. Why is it not a question of statutory interpretation? Because there, it's set out in, it's set out in the regs, and I will tell you. Right. That they list certain things in the regs, and they say it's not exclusive, that it's up to the, it leaves it up to the adjudicator, the attorney general and his delegate, or his delegate to determine what things would change the circumstances. And it's important in a circumstance where somebody already has a one year bar, if they, if certain things have changed, it's up to the attorney general to decide whether, you know, those, that evidence that he has presented is compelling in his discretion in order to overcome that one year determination. And it should be up to the attorney general to decide that, because there's already been the one year deadline, which is clear that the Congress wanted that respected, that has not been. And so the attorney general gets to decide what types. The attorney general delegates it to the immigration judge, right? Yes, the attorney general and his delegates, yes, the IJ and the BIA, yes. Roberts. Are you saying that if an immigration judge had two Petitioners on the same day before them, and both were claiming that their political involvement here was a changed circumstance that merited their late finding, and one of them had been involved in Republican politics and one had been involved in Democratic politics, and the IJ said it's okay for the one involved in Democratic politics to file late but not the Republican, that they couldn't review that? I think there's a difference between discretion and arbitrariness, Your Honor. I think that would be arbitrary. I think that might be determined to be arbitrary. What would be the case is that you would look at each applicant who comes in and his full package that he brings, and the attorney general has discretion to determine that the full evidentiary presentation that he makes to try to overcome the one-year bar, that that should be a case-by-case analysis. And I would like to say I'm almost up. Even if it is not the ---- We're about two and a half minutes over. Go ahead. I'm very sorry, Your Honor. We'll always let you overstay your visa here. We believe that this is at best a factual question on this record here, Your Honor, because it dealt with whether or not the statements that this woman made were sufficient to overcome, to warrant changed circumstances. And it's clear here that I want to say that her statements here were no different than statements she made in the country. Well, what if she went back to Alexandria, and after she was there for a day or two, she received threats based on what she said in San Francisco, and then she just packed up and came over here and applied for asylum? How would that be treated? Would there be a new one-year period that would start from the time she arrived here? I believe, well, if she, depending on whether she gets voluntary departure, whether she's removed, yes, it might take her a while before she's able to get back in. If she is able to get back in, yes, there would be another, if she got voluntary departure, there would be another one year. But let me say on the facts of this particular case, it shows that she was not even a speaker at this gathering or whatever, that she was just talking to some friends, and she was saying the same types of things that she said before, that the Immigrations Foundation should not qualify for asylum or withholding or torture convention, Your Honor. And I believe that the record is clear that she didn't have a shred of a claim with regard to that. Let's take another hypothetical before we sit down. Let's say it's somebody like Salman Rushdie who writes provocative literature after he leaves the country. Now, normally one would think that's a changed circumstance because there's been a death sentence imposed on him after he's left, and let's say after the one-year bar. So suppose the IJ says, well, I don't care, I don't like the book, and I don't think anything you write after you leave the country can serve as a changed circumstance. Wouldn't that be a mixed question of fact and law that we could review? You've taken a worst-case scenario. That's the jurisdiction. And I believe that even in that circumstance, there is at best, like you had commented earlier, that's at best a mixed question, and I don't believe that you could really separate out the facts from the law. The problem is separating out the facts from the law and the ultimate determination of the adjudicator. And he weighs how much facts, the quantum, what — I understand that, but I think what you're saying is you don't think we have jurisdiction even if the adjudicator is clearly arbitrary and capricious. Is that what you're saying? No. What I'm saying is that if it's a mixed question or if it's at best a mixed question of law and fact, that you wouldn't have it. If it's arbitrary, I don't know if there's other standards that might deal with arbitrariness in the law other than, I mean, if somebody is totally arbitrary, and I guess somebody could say that you didn't even attempt to apply the law. And since you didn't attempt to apply the law and you were arbitrary, then that was a pure question of maybe. I mean, if you apply the law and your application of the law depends on how you read the law, then that process is a question of law. I mean, I went to law school. If you talked about mixed questions of law and fact, let me show you the board. But, you know, it's a question of fact of determining, you know, what occurred, what happened. The question of law is whether, you know, what the consequences arise from those activities. Again, I would say in this context where the one-year, there's already a one-year bar, that the amount of evidence, the type of evidence, and that is something that the immigration judge should be able to decide for a person who has already met a statutory bar of one year. And I think that because of that, it's clearly a discretionary determination, Your Honor. All right. Thank you. Thank you. Very briefly, Your Honors. Almost all decisions made by the agency are discretionary. A decision to deny counsel is considered an abuse of discretion. That doesn't mean it's barred from reviewing whether that's a constitutional error. In an analogous situation, cancellation or removal is a discretionary form of relief. Nevertheless, this Court has determined it has jurisdiction to consider purely factual questions, such as the alien's length of residence. The fact that the overall relief is discretionary does not preclude this Court from reviewing that issue. The Real ID Act reflects an intention for some court to have jurisdiction. If the government is going to go into district court and say, well, this is a legal question, this should be before the Ninth Circuit, where does an alien go where it's at least, if not purely, predominantly legal question. This is a reflection that somebody has jurisdiction of this. And since it's a predominantly legal issue, we maintain that the logical court would be this one. And finally, the statements made by my client since coming to the United States are not the same statements that she made before. The only statements she made in the record regarding women's rights were made prior to 1981, when she was a student at University of Alexandria. For 19 years, she lived in Egypt without any repercussions from those statements. The problems she had were exclusively related to her dress. So to maintain that these statements are the same problems she had before is a misrepresentation of the record. Thank you. All right. A matter of stance submitted. Thank you, Judge. We'll call the next case, A v. Gonzales.
judges: Pregerson, Hawkins, Thomas